IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DANA BOWMAN | PLAINTIFF |
| v. | CAUSE NO. 4:15CV272-LG-CMC |
| RJM CENTER, LLC, and LINKS CONSTRUCTION, LLC | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the Joint Motion to Dismiss [4] filed by the defendants RJM Center, LLC, and Links Construction, LLC. After the Motion to Dismiss was filed, the plaintiff, Dana Bowman, filed a First Amended Complaint and a response in opposition to the Motion to Dismiss. The defendants did not file a reply or otherwise address the First Amended Complaint. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be denied.

## FACTS

In his First Amended Complaint[1], Bowman asserts that he lost both of his legs while serving in the United States Army. (1st Am. Compl. at 3, ECF No. 5). Bowman asserts that he visited Centre Place Apartments in October of 2014, and he "personally encountered various barriers to accessibility, including the complete

---

[1] The Court finds that Bowman's First Amended Complaint was timely filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). As a result, the Court will only address Bowman's First Amended Complaint in this opinion.

absence of handicapped-accessible parking." (*Id.* at 7). He further claims that he "observed that there were numerous accessibility problems that would interfere with his ability to navigate his wheelchair through the apartments and otherwise access the facilities." (*Id.*) He claims these "barriers and the lack of accessible features and adaptive design deterred [him] from renting an apartment at the Property." (*Id.*) According to Bowman, Centre Place was designed and constructed by the defendants RJM Center and Links Construction. (*Id.* at 3, 7).

Bowman asserts the following causes of action pursuant to the Fair Housing Act (FHA): (1) the defendants "discriminated in the rental of, or otherwise made unavailable or denied, dwelling to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);" (2) the defendants "discriminated against persons because of their disabilities in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 304(f)(2);" and (3) the defendants "failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008)." (*Id.* at 11). Bowman seeks a declaratory judgment, injunctive relief, monetary damages, punitive damages, costs, and attorneys' fees. (*Id.* at 11-12).

Prior to the filing of the First Amended Complaint, the defendants had filed a Joint Motion to Dismiss that concerned Bowman's original Complaint. The defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P.

12(b)(6). The defendants have not presented any arguments related to the First Amended Complaint; however, in an effort to conserve time and resources, the Court will consider the defendants' arguments in relation to the First Amended Complaint.

## DISCUSSION

### I. The Defendants' Rule 12(b)(1) Motion

#### A. Standing

The defendants first argue that subject matter jurisdiction is lacking, because Bowman does not have standing to pursue this lawsuit pursuant to Article III of the United States Constitution. While Bowman claims that the defendants violated the FHA, most of the arguments and authority raised by the defendants concern standing pursuant to a separate statute, the Americans with Disabilities Act. Nevertheless, it appears that the defendants claim that Bowman lacks standing because Bowman never alleged that he intended to rent an apartment at Centre Place. The defendants have produced evidence that Bowman owns a home worth over $500,000 that is located fifty-three miles from Centre Place. They further claim that Bowman has filed eighty FHA lawsuits in three different states in less than two years; thus, they assert that he is a "tester" who never had any interest in renting an apartment at Centre Place and never suffered an injury by being denied access to an apartment.[2]

---

[2] The Supreme Court has defined "testers" as "individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for

In order to establish standing, a "plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). "Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.*

Although the defendants attached evidence in support of their Rule 12(b)(1) Motion, they assert that their Motion constitutes a "facial attack" on Bowman's Complaint. The Fifth Circuit has explained:

> A motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), can be based on the lack of jurisdiction on the face of the complaint. If so, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised – the court must consider the allegations in the plaintiff's complaint as true.

---

the purpose of collecting evidence." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982).

*Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Thus, a dismissal pursuant to Rule 12(b)(1) is proper only if it appears certain, taking all facts as true and resolving all inferences and doubts in the plaintiff's favor, that the plaintiff's claim would not entitle him to relief. *See Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

Bowman alleges that he observed numerous barriers to accessibility at Centre Place that deterred him from renting an apartment there. Thus, it must reasonably be inferred that Bowman intended to rent an apartment at Centre Place. Because the defendants have made a facial challenge of Bowman's Complaint, the Court must accept Bowman's allegations and the inferences from those allegations as truthful. Therefore, Bowman's allegations are sufficient to grant him standing to pursue this lawsuit, and it is not necessary for the Court to consider at this time whether testers have standing to pursue claims under 42 U.S.C. § 3604(f).[3] *See Elmowitz v. Exec. Towers at Lido, LLC*, 571 F. Supp. 2d 370, 376 (E.D. N.Y. 2008) (holding that a plaintiff stated a plausible claim for relief pursuant to the FHA because he alleged he was disabled and that he was prevented from renewing his apartment lease). The issues presented by the defendants' motion must be fleshed out through discovery and summary judgment, not in a facial attack at the pleadings stage. As a result, the defendants' Motion to Dismiss for lack of standing is denied.

---

[3] Bowman's attorney has also represented to the Court that Bowman is not a "tester." (Pl.'s Resp. at 17, ECF No. 10).

### B. Ripeness

The Fifth Circuit has explained:

> The ripeness doctrine's basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical. The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required. However, even where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness.

*Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (internal quotation marks and citations omitted). "The Supreme Court has found hardship to inhere in legal harms, such as the harmful creation of legal rights or obligations; practical harms on the interests advanced by the party seeking relief; and the harm of being forced to modify one's behavior in order to avoid future adverse consequences." *Id.*

The defendants argue that Bowman's claim is not ripe, because he has not alleged that the defendants denied him reasonable accommodation or otherwise discriminated against him. First, Bowman has not asserted a claim for denial of reasonable accommodation; thus, it was not necessary for him to allege denial of reasonable accommodation. Furthermore, Bowman has alleged that the defendants failed to design and construct Centre Place in compliance with the FHA. The FHA specifically included noncompliant design and construction within its definition of "discrimination." 42 U.S.C. § 3604(f)(3). Finally, as explained previously, Bowman

-6-

has alleged that he was deterred from renting an apartment at Centre Place as a result of the barriers to access that he witnessed.  As a result, the defendants' arguments are without merit.

## II.  The Defendants' Rule 12(b)(6) Motion

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  In *Twombly*, the Court held that "heightened fact pleading of specifics" is not required, but "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 570.  However, a court should not accept conclusory allegations, unwarranted factual inferences, and legal conclusions as true.  *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010).

The defendants allege that Bowman's claims should be dismissed because he failed to identify the specific location of each alleged barrier to access.  In support of

this argument, however, the defendants rely on cases that concern the pleading requirements of the Americans with Disabilities Act, not the FHA.

In his First Amended Complaint, Bowman claims that Centre Place had no accessible parking spaces for tenants or their guests when he visited. He also claims that the tenant mailboxes were inaccessible due to their height as well as the existence of a seven to ten inch curb. He further claims that the dumpster on the property was inaccessible. He alleges that the thresholds at exterior doors exceeded the maximum allowable height. Light switches, electrical outlets, and thermostats were also too high. Some apartments had insufficient space surrounding refrigerators and doors that were not wide enough for entry. The Court finds that Bowman provided sufficient information to state a claim under the FHA. If the defendants need additional information, they can request it in discovery. As a result, the Motion to Dismiss is denied in this respect.

## CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Joint Motion to Dismiss [4] filed by the defendants RJM Center, LLC, and Links Construction, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE